## COMMISSIONERS OF ROADS AND REVENUES OF GORDON COUNTY *v.* BURNS *et al.*

Where the alternative road law (provided for by the act approved December 24, 1896, as amended by the act approved December 19, 1898) has been adopted by popular vote, the recommendation of the grand jury is not necessary to put the law into effect.

Argued May 8, — Decided May 30, 1903.

Mandamus. Before Judge Fite. Gordon superior court. March 2, 1903.

*Starr & Erwin,* for plaintiffs in error.

*R. J. & J. McCamy,* contra.

LAMAR, J.　At an election in December, 1902, held in accordance with the provisions of the act of 1896 (Acts 1896, p. 78, sec. 1), the people of Gordon county adopted the alternative road law under the act of 1898 (Acts 1898, p. 110), the 8th section of which provides, " That the provisions of this act [1898] shall not become of force in any counties where the provisions of said act of 1896 has been adopted by a vote of the people, until the grand jury of said county or counties shall have recommended and adopted the provisions contained in this act [1898]; *provided,* that the provisions of this act [1898] shall not go into effect in any county until said county has adopted the said act of 1896."　Nothing having been done towards enforcing the law, petitioners applied for writ of mandamus.　The commissioners of roads and revenues demurred and answered, claiming that the act of 1896 was absolutely repealed, and that a recommendation of the grand jury was necessary before the statute became operative in Gordon county. At the hearing the judge made the mandamus absolute, and the commissioners excepted.

The alternative road law in the Political Code, §§ 573–583, was not repealed by the act of 1896 (Acts 1896, p. 78).　The act of 1898 (Acts 1898, p, 110) in effect repealed all of the provisions of the act of 1896, except the first section, providing how the election was to be held in so far as it related to counties thereafter adopting the alternative road law.　Construing together the code and these two acts (Pol. Code, § 4 par. 9), the legislative intent will very clearly appear.

(*a*) The alternative road law under the act of 1891 goes into effect upon the recommendation of the grand jury. Political Code, § 583.

(*b*) The road law under the act of 1896 went into effect on a vote of the people; and where, prior to the act of 1898, it had been adopted, it remained in force in such county, unmodified by the act of 1898.

(*c*) If, however, a county which had already adopted the road law of 1896 desired to avail itself of the new provisions in the act

8

of 1898, it could do so on the recommendation, of a grand jury. There having already been an election showing that the people were in favor of a road law different from that provided in the Political Code, §§ 526 et seq., it was not deemed necessary by the General Assembly to require a new election merely to adopt the details and methods under the act of 1898. That could be done by the grand jury.

(*d*) After the act of 1898, its provisions, and those of the Political Code, §§ 573–583, were the only alternative road laws which could be thereafter put in force in any county; the first by a recommendation of the grand jury (§ 583); the second by an election held according to the provisions of the first section of the act of 1896. The popular vote was an expression of the will of the people. It was unnecessary to have that vote supplemented by the recommendation of the grand jury. *McGinnis* v. *Ragsdale*, 116 *Ga.* 245.

The judge did right in making the mandamus absolute.

*Judgment affirmed. By five Justices.*