MAXWELL, by next friend, *v.* WILLIS, commissioner.

LUMPKIN, J. 1. What is known as the "alternative road law," contained in the Political Code, §§ 573–583, was not repealed by the act of 1896 (Acts 1896, p. 78). The alternative road law created by the act of 1891, and embodied in the sections referred to, goes into effect upon recommendation of the grand jury. The act of 1896, amended by the act of 1898 (Acts 1898, p. 110), provided for a road law to take effect on a vote of the people of the county. The one does not repeal the other; but the one or the other may take effect upon being adopted by the grand jury or by popular vote. The act of August 3, 1903 (Acts 1903, p. 103), is an amendment to the act of 1896, and affects the road law provided for in that act. It does not directly amend any section of Political Code. Therefore, in counties where the

alternative road law has been adopted as provided by the sections of the Political Code cited, each male citizen between the ages of sixteen and fifty years is subject to road duty, although in any county where the other alternative road law provided for by the act of 1896 and the amendments thereof has been adopted, each male inhabitant of such county between the ages of twenty-one and fifty years who is not physically or mentally disabled is made subject to road duty, and although the time of service and the amount of commutation tax is different from that under the other system. *McGinnis* v. *Ragsdale*, 116 *Ga.* 245 ; *Commissioners of Roads* v. *Burns*, 118 *Ga.* 112.

2. The amendment to the act of 1891 (Acts 1897, p. 20) does not affect the point now decided.

3. Decatur county is not within the provisions of the act of August 12, 1903 (Acts 1903, p. 106).

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Submitted May 23, — Decided June 15, 1905.

Petition for injunction. Before Judge Spence. Decatur superior court. March 29, 1905.

*Randolph B. Russell* and *John R. Wilson*, for plaintiff.
*Albert H. Russell*, for defendant.