1457. WRIGHT *v.* SHEPPARD, sheriff.

1. In this State there are three general systems of working public roads in the various counties. No two of the systems can be in effect in the same county at the same time.

2. In those counties in which the alternative road law (Political Code, §573 et seq.) is in force, all male inhabitants between the ages of sixteen and fifty, and not within one of the regular exemptions recognized by law, are subject to road duty.

Habeas corpus, from city court of Cordele—Judge Strozier. October 13, 1908.

Argued November 23,—Decided December 8, 1908.

*Land & Hall,* for plaintiff. *Crum & Jones,* for defendant.

POWELL, J. The plaintiff in error brought habeas corpus against the sheriff of Crisp county, alleging the illegal detention of his minor son, who was eighteen years old. The sheriff justified his custody by showing a conviction of the boy as a road defaulter before two of the county commissioners sitting as a road court under the Political Code, §581. Upon the hearing the judge sustained the legality of the sheriff's custody.

1. In this State there are three distinct general systems for working public roads. Prior to 1891 there was but one general system, the old "stick and dirt" plan, as it is colloquially called in some portions of the State. This system is in force in every county where one of the other systems has not been adopted by recommendation of the grand jury or election of the people, according to the terms of the various local-option statutes on the subject. Then there is what is commonly known as the "alternative road law" (the act of 1891), contained in the Political Code, §583 et seq. This is put into effect in a county by recommendation of the grand jury. The original act and the code sections in which this law is contained have been the subject-matter of several subsequent legislative amendments. The third system, usually called the "four-day road law," was originally provided for by the act of 1896 (Acts 1896, p. 78), and goes into force in a county only upon a vote of the people; but by the act of 1898 (Acts 1898, p. 110) there are certain new provisions which those counties which prior to 1898 had adopted the four-day road law might substitute for certain material provisions of the act of 1896, upon recommendation of the grand jury, and which all counties by voting for the four-day road law after that date adopted as a part of the law itself, without the necessity for any additional action by the grand jury. The act creating the four-day road law was the subject of further amendments in 1903 (Acts 1903, p. 103), and in 1907 (Acts 1907, p. 99).

These three systems, while all of them are general systems, are entirely distinct from one another; and no two of them can be in force in the same county at the same time. *McGinnis* v. *Ragsdale,* 116 *Ga.* 245 (42 S. E. 492) ; *Commissioners* v. *Burns,* 118 *Ga.* 112 (44 S. E. 828). In those counties which are under the old "stick and dirt" system, or under the alternative road law, all male inhabitants between the ages of sixteen and fifty years, and not within the terms of one of the exemptions which have been provided by law, are subject to road duty. Political Code, §§ 526, 574. In those counties which have adopted the four-day road law, only male inhabitants between the ages of twenty-one and fifty are subject. The alternative road law (and therefore neither of the other systems) is in force in Crisp county, from which the present case comes. The young man was more than sixteen years of age, though less than twenty-one; he was not otherwise exempt, and was therefore properly held subject to road duty.

*Judgment affirmed.*