ROWLAND *et al. v.* COMMISSIONERS OF ROADS AND REVENUES OF JOHNSON COUNTY.

HOLDEN, J. 1. The general rule is that a court of equity will not by injunction restrain the trial of a criminal case; and this rule is applicable to trials by the commissioners of roads and revenues, having charge of county matters and public roads, of persons for a failure to pay the commutation tax, and for the failure to "appear at the time and place appointed to work, when summoned or notified by the officer whose duty it is to give said summons or notice by the rules of the authorities having charge of the public roads," which trials are intended by such commissioners to be had in the enforcement of the provisions of the alternative road law.

2. A court of equity, upon a petition for an injunction of such a nature, will not inquire into the question as to whether or not a recommendation of a grand jury of the county is such as to place in operation in the county such law. *Paulk* v. *Sycamore*, 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128) ; *Mayor* v. *Patterson*, 109 *Ga.* 370 (34 S. E. 600) ; *White* v. *Tifton*, 129 *Ga.* 582 (59 S. E. 299) ; *Ga. Ry. & El. Co.* v. *Oakland City*, 129 *Ga.* 576 (59 S. E. 296).

*Judgment affirmed. All the Justices concur.*

Argued June 15,—Decided August 12, 1909.

Petition for injunction. Before Judge Rawlings. Johnson superior court. May 13, 1909.

*E. L. Stephens,* for plaintiffs.

*A. L. Hatcher* and *William Faircloth,* for defendants.