LEWIS *et al*. *v*. TURNER *et al*.

Under the "alternative four days road law" (Civil Code, §§ 705 to 711, inclusive) county commissioners have no authority to sit as a court to try road defaulters, and equity will enjoin them from exercising such ultra vires power.

DECEMBER 13, 1912.

Injunction. Before Judge Bell. Fayette superior court. September 16, 1912.

A. O. *Blalock* and J. F. *Golightly*, for plaintiffs in error.
J. W. *Culpepper*, contra.

EVANS, P. J. An election was held in Fayette county on June 5, 1911, to determine whether the provisions of §§ 705 to 711, inclusive, of the Civil Code, usually called the "alternative four days road law," should become effective in that county; and the result of that election was officially declared to be in favor of the proposed law. The county commissioners had previously (March 7, 1911) passed an order levying a commutation tax for the year 1911 of four dollars in default of eight day's work on the roads. Several citizens, subject to road duty, were cited to appear before the county commissioners' court to show cause why the commutation tax had not been paid, as in default of a sufficient answer the commissioners would proceed as to justice might appertain. These citizens thereupon filed their petition to enjoin the county commissioners from trying them as road defaulters, on the grounds, that the commissioners had not complied with the terms of the "alternative four days road law" in several particulars, and that by the provisions of that law road defaulters could only be tried by the court of district road commissioners. The foregoing facts were made to appear on the interlocutory hearing, and the court granted a temporary injunction. Exception is taken by the commissioners to this judgment.

There are three systems provided by the code for working the public roads. The first plan contemplates actual work by persons subject to road duty. Civil Code, § 647 et seq. The second plan, commonly called the "alternative road law," is initiated by the recommendation of a grand jury. Civil Code, § 694 et seq. It empowers the county commissioners to work the roads with convict labor, or with hired labor and the labor of those who do not pay a commutation tax, or by contract, or by a combination of these

methods. This road system proceeds upon a central plan, with the county as the unit, under the general superintendence of the county commissioners. The third plan, designated as the "alternative four days road law," becomes effective only upon adoption by the voters in a special election called for that purpose. This plan differs from the second plan largely in the specification that each militia or road district shall be the unit, and that each unit shall be under the direction of district road commissioners. The first plan of road working prevails, unless one of the others is put in force as provided by the code. Only one plan can be in force at the same time. *Wright* v. *Sheppard,* 5 *Ga. App.* 298 (63 S. E. 48); *Commissioners of Gordon County* v. *Burns,* 118 *Ga.* 112 (44 S. E. 828). When the people of Fayette county adopted the "alternative four days road law," it became the duty of the district road commissioners to apportion the persons subject to road duty in their respective districts upon the different roads thereof (Civil Code, § 709); and defaulters were to be tried before the district road commissioners' court. County commissioners have no jurisdiction to try road defaulters under this system, and no authority to convene themselves into a court for that purpose. What, then, is the course for these citizens to pursue? They can not assert their defense before an assumed court which possesses no legal authority to try them. As the county commissioners are attempting to try defaulters for the non-payment of their road tax, which under the law could only be done by the district road commissioners, the most effective, if not the sole, remedy of the citizens haled before them is to enjoin them from exercising ultra vires powers. This is not an effort to enjoin a court from exercising its proper powers within its jurisdiction, as was the case of *Rowland* v. *Commissioners of Johnson County,* 133 *Ga.* 190 (65 S. E. 404), but is a proceeding against certain officials who have no power to convene themselves as a court to try road defaulters, to prevent them from exercising such ultra vires powers.

*Judgment affirmed. All the Justices concur.*