COXWELL, marshal, *v.* GODDARD.

The uncontradicted evidence showed that petitioner was a disabled Confederate soldier, and entitled to an exemption as such; and it was not error to grant an injunction restraining a sale of his personal property levied on under a fi. fa. issued by a municipality for a business tax.

Submitted December 15, 1903. — Decided January 13, 1904.

Injunction. Before Judge Butt. Taylor superior court. April, 1903.

On September 12, 1902, Goddard filed an equitable petition asking for an injunction to restrain Coxwell, marshal of the town of Reynolds, from selling property of the plaintiff under an execution issued against him for the amount of a business tax in said town. Petitioner claims that he was a disabled Confederate soldier, and entitled to do business without having a license, under the Political Code, § 1642; that in August, 1901, he had been summoned to appear before the mayor of the town to answer for the offense of carrying on his said business in said town for that year without paying the business tax; that he exhibited a certificate, showing that he was a disabled Confederate soldier, before the mayor's court, which decided that the certificate was a protection, and discharged petitioner; that the aldermen, knowing of said decision, thereafter had an execution issued, and had Coxwell, the marshal, to levy the same on petitioner's personal property. This petition was sworn to and used as an affidavit on the hearing. Petitioner also offered in evidence a certificate of the ordinary, dated October 7, 1901, that Coxwell was a Confederate soldier, with an additional certificate thereon, dated March 21, 1902, signed by the ordinary, that the word "disabled" had been originally omitted by mistake on his part. The defendant objected to the admission of the certificate, and assigns error on the ground that the taxes appear to have been for the year 1902; that if the certificate was a protection, it did not operate as such until after its amendment, and that the amendment was made after the tax accrued. The defendant introduced no testimony further than its sworn answer, in which it denied the material allegations of the petition. The tax execution and the tax ordinance were not introduced in evidence, and it nowhere appears when the tax execution was issued, nor when taxes were required to be paid. The judge granted the injunction.

*R. S. Foy*, for plaintiff in error.
*O. M. Colbert* and *H. P. Wallace*, contra.

LAMAR, J. (after stating the foregoing facts.) The record does not show whether the business tax became due before or after the amendment to the certificate, and there is therefore not

enough to enable us to consider the assignment of error based upon its admission as evidence.

Sections 1643–1645 of the Political Code grant to Confederate soldiers over fifty years old, who have resided three years in this State, the right to do business without the payment of a tax, *provided* they first make the oath and obtain the certificate therein required. But the exemption under section 1642 is rooted in the sole fact of the owner of the business being a disabled Confederate soldier, not in the certificate, which is only prima facie evidence of the fact. It appearing from the amended certificate of the ordinary, and also from the allegations in the verified petition, which was offered as evidence, that Goddard was a disabled Confederate soldier, the judge rightly granted the injunction.

          *Judgment affirmed.    All the Justices concur.*