## TOWN OF FAIRBURN *v.* EDMONDSON.

HINES, J. 1. Any disabled or indigent soldier of the late European war, who is a resident of this State, may peddle or conduct business in any town or city thereof, except peddling or dealing in ardent and intoxicating drinks, running a billiard, pool, or other table of like character, dealing in futures, peddling stoves or clocks, carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods, without paying any license fee for the privilege of so doing; and a certificate from the ordinary of the county, stating the facts of his being such disabled or indigent soldier, shall be sufficient proof thereof. Civil Code (1910), § 1888; Acts 1919, p. 91; 8 Park's Code Supp. 1922, § 1888.

2. The right of a disabled or indigent soldier of the late European war to conduct business in a town or city without paying license for the privilege of so doing is based upon the fact that the owner of the business is such soldier, and not on the certificate of the ordinary, which is intended to furnish sufficient proof of said fact, and not as a condition precedent to the exercise of the right. *Coxwell* v. *Goddard,* 119 *Ga.* 369 (46 S. E. 412).

3. The fact that the license tax had become due before the certificate had been issued does not render such soldier liable therefor, if in fact he was a disabled or indigent soldier of said war and a resident of this State at the time the license tax was imposed, especially where he had applied for such certificate before the license tax had become due. In *Hartfield* v. *Columbus,* 109 *Ga.* 112 (34 S. E. 288), the point here decided was not involved or passed upon.

4. Applying the foregoing principles, the trial court did not err in overruling the demurrer of the city to the petition of the soldier in which he sought to enjoin the enforcement of said license tax, the sole ground of demurrer insisted upon in this court being that the petition failed to allege that the certificate of the ordinary was issued before the license tax became due.

*Judgment affirmed. All the Justices concur, Atkinson, J., specially.*

No. 5362.    JUNE 21, 1926.

Equitable petition. Before Judge Hutcheson. Campbell superior court. February 2, 1926.

*L. S. Camp,* for plaintiff in error.      *W. B. Jones,* contra.

---

Licenses, 37 C. J. p. 237, n. 20 New.