## 17550.  JONES v. CITY OF MACON.

Although a certificate of the ordinary, stating that the defendant was an indigent soldier of the late European war, was issued to him in 1922, under section 1888 of the Civil Code as amended by act of 1919, which exempts such soldiers from license tax for conducting business, his conviction in the recorder's court of the City of Macon, for violation of a municipal ordinance by conducting business in that city in the year 1926 without payment of a license tax to the city, was authorized by the evidence, there being ample evidence that he was not indigent in 1926, and no legal reason being shown for exemption from a license tax for that year.

DECIDED NOVEMBER 9, 1926.

Petition for certiorari; from Bibb superior court—Judge Malcolm D. Jones. June 10, 1926.

Application for certiorari was denied by the Supreme Court.

*J. D. Carlisle, E. W. Maynard,* for plaintiff in error.

*Grady Gillon, Harry S. Strozier,* contra.

LUKE, J. Jones was convicted in the recorder's court of violating a license ordinance of the City of Macon. He presented a petition for certiorari to the superior court which the judge of the superior court refused to sanction, and to this refusal he excepted and assigns error thereon.

The record shows that the city ordinance which Jones was convicted of violating was that providing a license for buying wages and salaries; that Jones was engaged in this business in

Licenses, 37 C. J. p. 269, n. 30.

1926, under a license obtained from the ordinary in 1922 on the ground that he was an indigent soldier of the late European war; that the property he returned for taxation in 1926 amounted to $5,350; that he "has got between five and six thousand dollars invested in the Broadway Trading Company;" that he gets about $350 a month as profit from this business; and that he sold one of his places of business to an employee for $3,000.

Counsel for the plaintiff in error contend in substance that the ordinary's license issued back in 1922 is conclusive and irrevocable, and that it can not ever be shown that the facts upon which it was based were untrue or that they have ceased to exist. To this we can not agree. While the ordinary might be able to certify to a patent, permanent physical disability, he necessarily could not certify that Jones would always be indigent, and, according to the record, did not certify that Jones was ever indigent, but certified in 1922 that Jones had filed an oath to that effect in the ordinary's office. Being an indigent soldier was the basis of his claim of exemption from paying a license. There was no claim of physical or mental disability. If there is no indigency, there can be no exemption. There is nothing in the act which provides for exemption years after the indigency or cause of exemption ceases to exist. The act provides that "a certificate from the ordinary stating the fact of his *being* [not having been in the past] such indigent soldier shall be sufficient proof." Civil Code (1910), § 1888; Ga. L. 1919, p. 91. See Park's Code Sup. 1922, § 1888. This provision in the act as to a certificate being sufficient proof does not render inadmissible evidence as to present indigency or lack of it. In the case of *Coxwell* v. *Goddard,* 119 *Ga.* 371 (46 S. E. 412), the Supreme Court held that the certificate of the court of ordinary was "only prima facie evidence" of the fact of disability of a Confederate soldier, and their judgment in that case was based on the "amended certificate of the ordinary, *and also* . . the allegations of the verified petition, which was offered as evidence, that Goddard was a disabled Confederate soldier." In that case Lamar, J., speaking for the court said: "The exemption under section 1642 [now § 1888] is rooted in the *sole fact* of the owner of the business *being* a disabled Confederate soldier, *not in the certificate, which is only prima facie evidence of the fact.*" (Italics ours.) Applying the same rule to

the instant case, we hold that the exemption under this section is rooted in the sole fact of the owner of the business *being* an indigent soldier of the late European war, not in the certificate, which is only prima facie evidence of the fact.

The certificate of the ordinary begins with the words "This is to certify;" it shows on its face that it is a certificate, and the act of the General Assembly refers to it as a certificate, and not a judgment, as insisted by the plaintiff in error.

There being ample evidence that the defendant was not indigent in 1926, and no legal reason being shown for his exemption from a license tax for that year, the finding of the recorder was authorized; and no error of law having been committed on the trial, the judge of the superior court properly refused to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*