CITY OF MACON *et al. v.* SAMPLES.
CITY OF MACON *et al. v.* WILSON.

Nos. 6211, 6212.   September 24, 1928.

*Harry S. Strozier,* for plaintiffs in error.

*W. E. Martin, Grady Gillon, Hall, Grice & Bloch,* and *E. W. Maynard,* contra.

BECK, P. J.  ■  One question raised by the demurrer is whether the statute under which the complainant claims that he is exempt from the operation of the city ordinance under which he is being prosecuted is unconstitutional and void. That statute is contained in section 1888 of the Civil Code of 1910, as amended by the act of 1918 (Ga. Laws 1918, p. 116) and the act of 1919 (Ga. Laws 1919, pp. 90, 91), and, after amendment, reads as follows: "Any disabled or indigent Confederate soldier or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, Spanish-American War, or late European War, or blind person who is a resident of this State, may peddle or conduct business in any town, city, county or counties thereof without paying license for the privilege of so doing, and a certificate from the ordinary of any county stating the facts of his being such disabled or indigent Confederate soldier, or soldiers of the Seminole, Creek, or Cherokee Indian

War, or Mexican War, Spanish-American War, or the late European War, or blind person, who is a resident of this State, shall be sufficient proof; provided, that this section shall not authorize peddling or dealing in ardent and intoxicating drinks, or running a billiard, pool, or other table of like character, or dealing in futures, or peddling stoves, clocks, or carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods; and provided, further, that the privileges hereby granted shall not be transferred to or used by any other person." This statute is attacked upon the following grounds: "Section 1888 of the Civil Code of 1910, as subsequently amended, upon which petitioner predicates his rights alleged in his said petition, is unconstitutional and void, in that it violates the following provisions of the constitution of the State of Georgia: article 1, section 1, paragraph 3, providing that no person shall be deprived of life, liberty, or property except by due process of law; article 1, section 1, paragraph 1, providing that no special law shall be enacted in any case for which provision has been made by an existing general law, and that no general law affecting private rights shall be varied in any particular case by special legislation; article 7, section 2, paragraph 1, providing that all taxation shall be uniform upon the same class of subjects; and the 14th amendment of the constitution of the United States, providing that no State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States nor deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

We do not think that the contention that the statute which we have just quoted is violative of that section of the constitution which provides that all taxation "shall be uniform upon the same class of subjects" is meritorious. A tax upon ·a business or occupation is not a tax upon property, within the ad valorem and uniformity clause of the constitution. This principle has been settled by numerous decisions. And that being true, the merit of the other constitutional objections urged depends upon the question as to whether the legislature has a constitutional right to exempt disabled or indigent soldiers of the wars mentioned in the statute, from occupational or business taxes which are imposed upon other citizens in general. It is equally clear that if the classification is

reasonable, the legislature has such a right; if the classification is unreasonable or arbitrary, the legislature is without that right. And we have no hesitancy in coming to the conclusion that the classification is reasonable and not arbitrary. In reference to a question depending upon whether a classification was reasonable or not, that question having been raised by demurrer, this court, in the case of *Georgia So. & Fla. Ry. Co.* v. *Adkins,* 156 *Ga.* 826 (120 S. E. 610), laid down the following rules: "1. The equal-protection clause of the fourteenth amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." It is not necessary to make specific application of each one of these rules, but only of the general principle, that if there is any reasonable basis for the classification, it must stand as against the contention that it is unreasonable and arbitrary. And it does seem to us that the reasonableness of the classification here, based upon outstanding facts which characterize the class created, is so manifest that it can not even be doubted. The men who are included in the class exempted by this statute were deemed subject to classification when the war in which they served was on. They were classified for the purpose of having them leave their business, and their occupation, and their property, and some of them their families, to go to war and incur the hardships and dangers; and it is not unreasonable to classify them now for the purpose of exempting them from certain burdens of taxation, if they fall within the further reasonable classification of disabled or indigent soldiers in the wars referred to. We can not imagine a more outstanding fact upon which a classification could be reasonably based than that which is the manifest basis

for the classification here attacked; and the court properly overruled the demurrers attacking the statute upon constitutional grounds.

■ Another question raised by the demurrer is as to whether the court to which the petition was addressed has jurisdiction to entertain that petition for injunction, or whether to grant the relief sought would be an interference with a criminal prosecution. We are of the opinion, in view of all the allegations in the petition and the facts of the case as shown, that the overruling of the ground of the demurrer which raises this question was not error. This court has frequently applied section 5491 of the Code, declaring that "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." But in several cases where it was sought to have this principle applied, distinctions have been pointed out between the actual case under review and the cases falling under the principle announced in that section of our Code. In the case of *Ga. R. & Bkg. Co.* v. *City of Atlanta*, 118 *Ga.* 486 (45 S. E. 256), it was said: "Equity will not interfere with the enforcement of the criminal laws, nor aid or obstruct criminal courts in the exercise of their jurisdiction; but that principle does not deprive a court of equity of its power to protect private property, nor defeat its right to enjoin a continuing injury to property or business. Where it is manifest that a criminal prosecution is threatened for the purpose of preventing the exercise of civil rights conferred by law, injunction is the proper remedy to prevent injury to the property or business thus menaced." And in the course of the opinion it was further said: "When equity acts in such instances, it ignores the criminal feature, and exercises jurisdiction solely with reference to the effect of the act on property or business." And it seems to us that the court was authorized to find in this case that the threatened act of the City of Macon would deprive the complainant of a civil right and a benefit conferred upon him by a statute of the State, and would destroy his business and property rights conferred upon him by the act. See, in this connection, *Mayor &c. of Shellman* v. *Saxon*, 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452). In *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106, it was held: "While a court of equity will not inter-

fere by injunction with the prosecution of a criminal proceeding not touching the enjoyment of property, yet where it is evident that private property and civil rights are invaded by such means, equity will interfere to protect them." The decision in the case of *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630), is to the same effect. In a quite recent case, *Town of Lilburn* v. *Alford,* 163 *Ga.* 282 (136 S. E. 65), it was said, in discussing the proposition which we have under consideration: "We recognize the principle embodied in section 5491 of the Civil Code, that 'A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them;' and that this section applies to quasi-criminal proceedings under municipal ordinances as well as the criminal laws of the State. *Pope* v. *Savannah,* 74 *Ga.* 365. Other cases to the same effect might be cited. But where an ordinance illegal and unreasonable in itself is being enforced by prosecution under the terms thereof, and repeated arrests and prosecutions are threatened which would in effect deprive a man of his property, or destroy or seriously impair the carrying on of his lawful business, a court of equity will interfere to protect property thus threatened or the business thus put in jeopardy. And more especially will a court of equity interfere in a case like this, where prosecutions are instituted and other prosecutions are threatened under an ordinance which seems reasonable in itself, but which the municipal authorities and the arresting officer under such authorities are giving to it an interpretation and construction not authorized by the language of the ordinance, and are proceeding to enforce the ordinance according to the unauthorized construction thereof. An ordinance reasonable and lawful under its terms may, by construction and practice in the enforcement thereof, be rendered unreasonable, arbitrary, and oppressive, so as to authorize a court of equity to restrain the enforcement of the ordinance when given such interpretation. And the court below in granting the application for injunction has gone no further than to prevent the municipal authorities from unwarrantably and illegally and arbitrarily doing those acts which would tend to the unlawful interference with a lawful business; and to this extent the court was authorized to go." See also *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854).

158

As said above, in view of the law and facts in this record, the court did not err in overruling so much of the demurrer as is based upon the principle that a court of equity will not interfere with a criminal prosecution.

■ In section 1888 of the Civil Code, after providing that the disabled or indigent soldiers may peddle or conduct business without paying license for the privilege, etc., it is further provided that "a certificate from the ordinary of any county, stating the fact of his being such disabled or indigent soldier," etc., "shall be sufficient proof." The provisions of this act were extended by amendment to include indigent or disabled soldiers of the European War. And we are of the opinion that in view of the allegations in the petition concerning the facts upon which the claim of exemption is based, and the provision in the statute that the certificate of the ordinary shall be sufficient proof, the court properly overruled the ground of the demurrer raising the question as to the allegations of disability and indigency of the complainant Samples.

■ It is further insisted that Samples did not claim an exemption until more than four months after his liability for the tax had completely attached; that the petition discloses that plaintiff was in the same business in Macon in 1926, and that under all the allegations of the petition he was in business on January 1, 1927, but that he did not procure his certificate from the ordinary until April 1, 1927, and consequently had "not complied with all the machinery provided by the statute" to entitle him to the exemption when the tax became due and payable. There is no merit in this contention. The fact that he falls within the provisions for the exemption provided in the statute is the fact that gives him the exemption, and the certificate is the evidence thereof.

■ Samples alleges that he was a sailor, and it is insisted in the argument for the city that the law exempts only soldiers. While it can not be said, upon the application of the definition given by the lexicographers, that the term "soldiers" embraces "sailors," nevertheless, in view of the evident purpose of this act, we think that by the term "soldiers" the legislature intended to include all who served as members of the forces engaged in the war, and that it includes enlisted men in the navy, who served as gunners, as well as soldiers in the narrower sense of the term.

The foregoing rulings are controlling in both of the above-

stated cases; and it follows from what is said that the court did not err in overruling the demurrer and in refusing to dismiss the petition. *Judgment affirmed. All the Justices concur, except* · GILBERT, J., who dissents from the judgment of affirmance on the ground that the petitioner had an adequate remedy at law, and the injunction should have been refused for that reason. See the dissenting opinion in the case of *Town of Lilburn* v. *Alford,* 163 *Ga.* 282 (supra).