CITY OF MARIETTA *v.* BRANTLEY *et al.*

No. 7280. . FEBRUARY 28, 1930.

*J. Z Foster,* for plaintiff in error. *Fred Morris,* contra.

ATKINSON, J. The Civil Code, § 1888, as amended by the act of 1918 (Ga. Laws 1918, p. 116) and the act of 1919 (Ga. Laws 1919, pp. 90, 91), reads as follows: "Any disabled or indigent Confederate soldier or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, Spanish-American War, or late European War, or blind person, who is a resident of this State, may peddle or conduct business in any town, city, county or counties thereof without paying license for the privilege of so doing; and a certificate from the ordinary of any county, stating the facts of his being such disabled or indigent Confederate soldier, or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, Spanish-American War, or the late European War, or blind person, who is a resident of this State, shall be sufficient proof; provided, that this section shall not authorize peddling or dealing in ardent and intoxicating drinks, or running a billiard, pool, or other table of like character, or dealing in futures, or peddling stoves, clocks, or carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods; and provided further, that the privileges hereby granted shall not be transferred to or used by any other person." Four persons as disabled American World War soldiers, to whom separate licenses had issued under the above law, joined in one action against the City of Marietta, for injunction. The petition as amended alleged all that is stated above, and substantially as follows. The petitioners are conducting under their said several licenses the businesses: (a) "ice cream and confections;" (b) "a barber-shop and furniture business;" (c) "a meat market;" and (d) "a café and restaurant." In virtue of the law and their said licenses they are each entitled to conduct their businesses in said city without the payment of any license tax. The city has passed an ordinance imposing a license tax on all persons conducting business in the city of the character above mentioned, for violation of which offenders are subject to arrest and punishable by fine. Petitioners have each been notified by the city marshal to pay the prescribed license tax, and informed by him that without such payment they can not enter upon the conduct of their respective businesses, and if they do so each will be subject to arrest and trial before the mayor for violation of the ordinance. One of the petitioners has actually been arrested and required to give bond for his appearance before the mayor on a

charge of violating the ordinance. The "ordinance is illegal and void," and their threatened arrest and punishment for a violation of the same or the payment of said license or occupation tax would be illegal, void, and contrary to law. The prayers were that the defendant and its officers "be restrained and enjoined from proceeding against petitioners, or either of them, in any manner or way looking to the collection of said tax or business license, or from arresting them or trying them in the mayor's court, or either of them, or in any way or manner from interfering with them in the conduct of their respective business; and that on the final hearing of said issue that said injunction be made permanent;" and for general relief.

■ The general ordinance is apparently valid, and a general allegation that it is illegal and void is insufficient as a ground of attack.

■ A disabled soldier of the late European War who is a resident of this State has a right, under the provisions of the Civil Code, § 1888, as amended, to conduct such business as is described in the petition, without paying license for the privilege of doing so to a town or city in which the business is conducted. *Town of Fairburn* v. *Edmondson,* 162 *Ga.* 386 (134 S. E. 51). The petition as amended alleged sufficient ground of exemption from obtaining from the municipality licenses to conduct their respective businesses in the city.

■ Under a proper construction of the allegations and prayers of the petition, the action is to enjoin (a) the collection of the tax prescribed by the ordinance, and (b) enforcement of the penalties provided for violation of the ordinance. So construing the petition, the case is within the principle announced in *Mayor &c. of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600), where a suit was instituted by a Confederate soldier claiming exemption under the above-mentioned Code section, before its amendment, to enjoin the city from arresting him, and from in any way interfering with his business as a peddler. It was there held: "A court of equity will not interfere by injunction to restrain the execution of a municipal ordinance of a criminal nature, on the ground of the invalidity of such ordinance, nor on the further ground that the plaintiff is exempt from the operation of the same. The person affected has a full and adequate remedy at law to test the validity

of the ordinance, as well as the question of his exemption from its operation." There is no allegation that the proposed enforcement of the ordinance would seriously damage or destroy the respective businesses of the plaintiffs, and in this respect it is distinguishable from *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106, *Baldwin* v. *Atlanta*, 147 *Ga.* 28 (92 S. E. 630), *City of Macon* v. *Samples*, 167 *Ga.* 150 (145 S. E. 57), and similar cases.

The court erred in overruling the demurrer to the petition, which raised the contention that the petition did not allege a cause for injunction, and that it appeared upon the face of the pleadings that the petitioners had an adequate remedy at law. The demurrer did not raise any question as to misjoinder of actions as comprehended by the Civil Code, §§ 5515, 5523. *White* v. *North Georgia Electric Co.*, 128 *Ga.* 539 (58 S. E. 33).

*Judgment reversed. All the Justices concur.*