## DASHER *v.* CITY OF VALDOSTA *et al.; et vice versa.*

PER CURIAM. 1. In view of the law and facts the court erred in sustaining the demurrer to the petition in this case upon the principle that a court of equity will not interfere with a criminal prosecution. *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106; *Georgia R. &c. Co.* v. *Atlanta*, 118 *Ga.* 486 (45 S. E. 256); *Town of Fairburn* v. *Edmondson*, 162 *Ga.* 386 (134 S. E. 51); *City of Macon* v. *Samples*, 167 *Ga.* 150 (145 S. E. 57).

2. The judge did not err in overruling the ground of the demurrer of which complaint is made in the cross-bill of exceptions. The words "indigent," and "disabled," as employed in the act exempting veterans of the World War from the payment of the license in question, are terms of sufficiently fixed and definite meaning to obviate any objection to the statute upon the ground that the use of such language is so vague and indefinite as to make the statute void.

*Judgment reversed on the main bill of exceptions. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent. Judgment affirmed on the cross-bill of exceptions. All the Justices concur.*

Nos. 8020, 8021. March 25, 1931.

541

*H. B. Edwards* and *C. J. Taylor,* for plaintiff.

*Franklin & Langdale* and *H. C. Eberhardt,* for defendants.

GILBERT, J., dissenting. I dissent from the judgment of reversal on the main bill of exceptions, for the following reasons: The Civil Code (1910), § 5491, provides as follows: "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." This section, as is universally conceded, was taken from the decision in *Pope* v. *Savannah,* 74 *Ga.* 365. The same principle had previously been stated by this court in *Gault* v. *Wallis,* 53 *Ga.* 677, and the correctness of the ruling in the last-cited case was conceded *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106. The *Pope* case and all previous cases had been based upon general principles found in all law treatises dealing with the subject. After the ruling in the *Pope* case was placed in the Code and the Code was officially adopted, it became a statute of the State, and is as binding as any other statute. In later cases dealing with this subject there appears to be great lack of uniformity of decisions. Lack of consistency is marked. The writer of this dissent, as in a previous case, admits a full share of responsibility for such inconsistency. This, however, should in no way interfere with a return to the true law as a standard by which the courts, the profession, and the public may know the law.

The *Pope* case has never been overruled or criticised. In arriving at judgments which materially differ, the court has distinguished that case, and by that means has satisfied itself with results which do not in fact comport with the *Pope* case. It should be useful, therefore, to state again the facts in the *Pope* case upon which this court rendered its judgment. They are as follows: "Pope filed his bill against the Mayor etc. of Savannah, to enjoin them from putting into execution an ordinance which prohibited the erection of obstructions on the streets and sidewalks of the city, and provided penalties for its violation, and that the obstructions should be removed. The bill alleged that complainant had a right to erect certain shelving in front of his place of business, under another ordinance which, it was claimed, modified the former; that he had been arrested, tried before the police court and fined; that he had carried the case to the superior court by certiorari; that the mayor, etc., were threatening to have him arrested and fined for every day the shelves were allowed to remain, and also that they would instruct the marshal to remove them. Insolvency of the city was alleged, and injunction prayed to prevent the defendants 'from interfering with your orator in carrying on his business, . . from removing the said obstructions so erected, as aforesaid, or in any manner interfering with your orator in and about the premises.'"

It appears from the facts just stated that in the *Pope* case it was alleged that the city authorities, after having tried, convicted, and fined the petitioner, were threatening to arrest him every day that the obstruction remained, notwithstanding the fact that he contended that there was another valid ordinance which authorized him to do the thing for which he was being prosecuted. It is apparent that the meaning of the decision in that case was that chancery would in no case interfere with or take part in a criminal prosecution, and, if there were property rights involved, that the defendant must resort to the civil courts, unless it appeared that he had no adequate remedy at law. It can not be assumed by this court that the lower court will not treat the petitioner fairly, or that the court will not decide the case correctly either on the criminal prosecution or the determination of the property rights in the civil court. Certainly we can not assume that the rights of the defendant will be ignored and his contention so erroneously adjudicated

that he will be compelled to have the judgments reviewed by a higher court. But even if such were the case, he stands upon no higher plane than any other citizen, and no citizen is guaranteed against the errors of the courts. His protection lies in the fact that provision has been made by which errors may be corrected, and the reviewing courts, clothed with that power, are open to the humblest citizen. That is due process of law to the last degree.

In *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 64 Am. St. R. 128), and in *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74), it was held that injunction would not lie even though the city threatened repeated arrests and that the petitioners would be fined for every day the ordinance was violated. The *Salter* decision cited the *Paulk* case, and it was adhered to by the entire bench of six Justices. This court has held that equity will not interfere with a criminal prosecution, even to inquire into the constitutionality of a legislative act, or the validity or reasonableness of an ordinance making penal the act or acts for which prosecution was threatened. *Paulk* v. *Sycamore,* supra; *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Jones* v. *Carlton,* 146 *Ga.* 1 (90 S. E. 278); *Volunteers of America* v. *Atlanta,* 152 *Ga.* 461 (110 S. E. 282). It has been held by this court that equity will not assume jurisdiction to prevent a multiplicity of suits, as, for instance, where repeated arrests are made. *Georgia Ry. &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296). This principle has been ruled in all of the States of the Union, so far as this writer is advised, and by the Supreme Court of the United States. In the *Oakland City* case, supra, this court said: "Many efforts have been made to establish various exceptions to the general rule. But if exceptions have been allowed, it was only where they were held clearly to involve subjects of equitable cognizance and where equitable interference was necessary. Every arrest and prosecution is likely to work injury to the character and business of the defendant; and many crimes relate to acts affecting property. Still, a court of equity can not undertake, merely on account of some possible incidental injury, to practically stop a court of competent jurisdiction from trying one accused of an offense. If it did so, a very large part of criminal prosecutions and the due enforcement of criminal laws would be stopped by defendants invoking the aid of equity, on the ground that their persons, character, business, or

property would be injured by permitting the prosecution to proceed, and that the law on which it is grounded is invalid, or does not apply to the defendant—in other words, that he is not guilty."

In *Mayor &c. of Moultrie* v. *Patterson*, 109 *Ga.* 370 (34 S. E. 600), this court rendered a decision in a case, the facts of which are in all material respects identical with the facts of this case, and adhered to the rule stated in the *Pope* case. The headnote is as follows: "A court of equity will not interfere by injunction to restrain the execution of a municipal ordinance of a criminal nature, on the ground of the invalidity of such ordinance, nor on the further ground that the plaintiff is exempt from the operation of the same. The person affected has a full and adequate remedy at law to test the validity of the ordinance, as well as the question of his exemption from its operation." In that case, as in this, the petitioner sought to enjoin the Mayor and Aldermen of Moultrie from enforcing an ordinance. It was alleged that the petitioner was a disabled indigent Confederate soldier, and was possessed of the necessary certificates which allowed him to peddle and do business without a license; that he was arrested by the marshal of the city for violation of the ordinance, "was tried, convicted and fined;" that the ordinance was invalid, and, if not, the certificates issued to him empowered him to sell meats and rendered him immune from arrests and interruption of his business. He alleged that if he continued in business he would be constantly arrested and fined. It will be observed that the validity of the ordinance was attacked, and it was alleged that the defendant had a license to engage in the business, notwithstanding the municipal ordinance. This court said: "Neither of these questions is or ought to be cognizable in a court of equity. The plaintiff in error can have his rights adjudicated otherwise than by seeking the interposition of the restraint which equity imposes only in cases where it is necessary to do so in order to protect some right which is in jeopardy and which can not otherwise be fully protected." In the opinion, among others, the following cases are cited: *Phillips* v. *Stone Mountain,* 61 *Ga.* 386; *Garrison* v. *Atlanta,* 68 *Ga.* 64. This decision received the concurrence of all the Justices. To the same effect is *Mayor &c. of Marietta* v. *Brantley,* 170 *Ga.* 258 (3) (152 S. E. 232).

In the majority opinion four cases are cited as authority. If

*City of Atlanta* v. *Gas-Light Co.*, 71 *Ga.* 106, differs from what is said in this dissent, it is explained by the fact that after that decision was rendered the section of the Code, 4951, became a statute of the State, and its meaning is clear beyond misunderstanding, when the facts of the case are considered. The case of *Georgia R. &c. Co.* v. *Atlanta*, 118 *Ga.* 486 (supra), is not binding, because it did not receive the concurrence of six Justices, if it should be found to be in conflict. *Town of Fairburn* v. *Edmondson*, 162 *Ga.* 386 (supra), received the unqualified concurrence of five Justices, the remaining Justice concurring specially. The question of jurisdiction of equity was not there raised, and the decision furnishes a physical precedent, but it must yield to the former cases already cited in this dissent, which are binding as authority. *City of Macon* v. *Samples*, 167 *Ga.* 150 (supra), if in point, is not binding authority, because it did not receive the concurrence of all the Justices.

I concur in the judgment of affirmance on the cross-bill of exceptions.