*F. L. Breen,* for plaintiff.    *J. K. Jordan,* for defendant.

### KELLY *v.* CITY OF JEFFERSON *et al.*

ATKINSON, J.   1. The Civil Code, § 1888, as amended by the act of 1918 (Ga. Laws, 1918, p. 116) and the act of 1919 (Ga. Laws 1919, pp. 90, 91), reads as follows: "Any disabled or indigent Conferedate soldier or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, Spanish-American War, or late European War, or blind person, who is a resident of this State, may peddle or conduct business in any town, city, county or counties thereof without paying license for the privilege of so doing; and a certificate from the ordinary of any county, stating the facts of his being such disabled or indigent Confederate soldier, or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, Spanish-American War, or the late European War, or blind person, who is a resident of this State, shall be sufficient proof; provided, that this section shall not authorize peddling or dealing in ardent and intoxicating drinks, or running a billiard, pool, or other table of like character, or dealing in futures, or peddling stoves, clocks, or carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods; and provided further, that the privileges hereby granted shall not be transferred to or used by any other person." See *City of Marietta* v. *Brantley,* 170 *Ga.* 258 (152 S. E. 232).

2. A certificate of the ordinary as to facts which he is authorized by the foregoing statute to certify is admissible in evidence for the purpose of establishing such facts (*City of Macon* v. *Samples,* 167 *Ga.* 150 (4), 145 S. E. 57), but is not conclusive.

3. On interlocutory hearing of a suit to enjoin sale of property, involving the right of a soldier to operate a private business in a city without payment of a license fee, the plaintiff introduced a certificate by the ordinary as above stated, and his own testimony and the testimony of a physician as to his being a disabled man; and the defendants introduced the testimony of other persons tending to show that he was not a disabled man. The conflict of evidence is for decision by the judge.

4. Testimony of non-expert witnesses to the effect that they had observed the plaintiff in operating his business, and, basing their opinion on their observations and the amount of work done by him, that he is not a dis-

abled man and that he does as much work now as ever, was admissible over the objections "that they did not qualify as practicing physicians or to give expert testimony, and could not testify as to the physical condition of the plaintiff, and by oral testimony attempting to controvert a judicial judgment of the court of ordinary."

5. Under the pleadings and the evidence the judge did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*

No. 9624. FEBRUARY 15, 1934.

*T. J. Shackelford* and *H. W. Davis,* for plaintiff.
*G. W. Westmoreland* and *Jere S. Ayers,* for defendant.