WEBB *v.* MAYOR AND ALDERMEN OF SAVANNAH.

No. 10359.   JULY 11, 1934.

*Ulmer & Dowell* and *A. L. Henson,* for plaintiff.

*Shelby Myrick,* and *J. C. Hester,* for defendant.

GILBERT, J.   W. F. Webb filed a petition against the Mayor and Aldermen of the City of Savannah, alleging that he was a disabled soldier of the late European War; that he was engaged in Savannah in retailing meats, groceries, milk, etc.; that he held a license issued to him by the ordinary of Chatham County, under the Civil Code, § 1888, for the conduct of said business; that under the same he was exempt from taxation by the city; that the city was "seeking to exact a specific license tax" of him for the carrying on of said business; that he had been "ordered . . to pay the license tax imposed, namely $100, otherwise his place of business shall be closed up immediately;" that the effort of the city to collect such tax is unlawful, and that unless injunction should issue to restrain the defendants "from attempting to exact from petitioner said specific tax, and unless they are restrained and enjoined from interfering with or otherwise molesting petitioner in the conduct of his business, . . and unless he is permitted to carry on and conduct said business without interference" from defendants, "he will suffer irreparable injury and damage;

that any interference with his business for even a short time will be disastrous thereto, because of the perishable nature of the meats and other commodities" handled by him. The prayer was for injunction. The defendant admitted the issuance of the certificate by the ordinary as alleged; admitted a prima facie case, and assumed the burden of proof. Trial of the issue before a jury resulted in a finding against injunction. Petitioner moved for a new trial on the general grounds only. The exception is to a judgment overruling that motion.

Evidence on behalf of petitioner was to the effect that as a result of his service in the army he suffered from 3-degree flatfoot and bronchitis; that he was receiving from the government compensation therefor to the amount of $16.50 per month; that prior to his service in the army he had been employed as "towerman" by Savannah Union Station Company; that since his return from the army he had been employed at the same kind of work; that the condition of his feet had handicapped him in procuring employment and prevented him from getting a job as switchman at $200 per month; that he employed a man to run the store for him; and that "I am there as often as I can be, . . but I am not on my feet any more than I have to, . . and at such times I do what I can." Evidence for the defendant was to the effect that petitioner was engaged regularly on a job as towerman, working eight hours a day, for which he received approximately $135 per month; that the work required the manipulation of levers in the switching of trains; that during his leisure he did work around his store, waiting on customers, etc., and had danced upon several occasions. A physician testified that he had examined the petitioner, and that although he was afflicted with flatfoot and bronchitis he was not thereby necessarily disabled, and that witness did not consider that he was.

Petitioner did not allege or prove that any criminal prosecution had been threatened, or that any execution had been issued or levied. The city ordinance is not in the record, and whether its violation is made penal is not shown. If it is a penal offense to violate the ordinance, see *City of Macon* v. *Samples,* 167 *Ga.* 150 (145 S. E. 57) ; *City of Marietta* v. *Brantley,* 170 *Ga.* 258 (152 S. E. 232). Under the facts of this case the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*