28884. CITY OF REYNOLDS *v.* DE FRAVIO.

DECIDED MAY 8, 1941.

*J. R. Lunsford, Homer Beeland, Dan S. Beeland,* for plaintiff.
*John A. Fort,* for defendant.

SUTTON, J. The City of Reynolds, on February 13, 1940, issued an execution against Veto De Fravio, for $25 and costs for his privilege license tax for the year 1940, for doing business in said city by operating a truck and making sales and deliveries of soda water and candies therefrom, without first obtaining a license. The execution was levied on certain property of the defendant, and he filed an affidavit of illegality, setting up that he was a world-war veteran and that he held a veteran's certificate of exemption, dated February 1, 1940, issued by the State revenue commissioner, whereby he was authorized to conduct the business of "soda water and candy," free from any State, county, or city taxes. The case was submitted to the judge of the superior court without a jury. He sustained

40

the illegality. The city made a motion for a new trial, which was overruled, and the exception is to that judgment. It appeared from an agreed statement of facts, that the defendant was doing business in the City of Reynolds on January 1, 1940, and during that month, without first obtaining a license so to do; that the city by its charter and proper ordinance was entitled to collect a privilege license tax, unless the person doing business was relieved by some exceptions provided by law; and that on February 1, 1940, the defendant procured a certificate of exemption as set forth in his affidavit of illegality.

The Code, § 84-2011, provides, among other things, that any disabled or indigent veteran of the late European war, who is a resident of this State, may peddle or conduct business in any town, city, county, or counties thereof, without paying license for the privilege of so doing, and that a certificate from the ordinary of any county, stating that he is such veteran, shall be sufficient proof, etc. The act of 1935 (Ga. L. 1935, pp. 163, 165), codified in part in the Annotated Code of 1933 as § 84-2013, provides: "Before any certificate issued to a veteran by any ordinary of this State shall exempt the veteran from payment of a license tax to peddle or conduct business without the payment of a license tax to the State or to any county or municipality thereof, the holder of such certificate must secure from the State Revenue Commission of Georgia a certificate of exemption from the payment of such license tax; and such certificate of exemption shall be conclusive evidence of the right of the holder to peddle or to conduct any business not prohibited by law, without the payment of any license tax or charge on the part of the State or any county or municipality thereof." When the execution in question was issued and levied, on February 13, 1940, the defendant held a certificate of exemption issued to him by the State revenue commissioner on February 1, 1940, which exempted him from the payment of any privilege license tax, State, county, or municipal, for carrying on the kind of business in which he was engaged in the City of Reynolds. The execution recites that the $25 for which it was issued was for the license tax for the year 1940. The city ordinance was not in evidence, and it does not appear from the record when the special business tax became due and payable. It appears only that the defendant was doing business during the month of January, 1940, without obtain-

ing a license, that he was doing business when the execution was issued and levied, and that he continued to do business thereafter, and that the city was entitled to collect the special business tax, unless he was relieved by some exemptions of law. The right of a disabled or indigent veteran to conduct a business in a county, town, or city without paying a license for the privilege of so doing is based on the fact that he is such a veteran, and not on the certificate of the ordinary or State revenue commissioner. *Town of Fairburn* v. *Edmondson,* 162 *Ga.* 386 (2, 3) (134 S. E. 51); *City of Macon* v. *Samples,* 167 *Ga.* 150 (4) (145 S. E. 57). However, the certificate, when not controverted, is conclusive evidence that the person is such a veteran. It was not controverted in the present case. The defendant had been doing business in the City of Reynolds during the months of January and February, 1940, and it is hardly reasonable to suppose that he only became disabled or indigent on February 1, 1940, the date when the certificate of exemption was issued to him by the State revenue commissioner. Under the law and the record as here presented, the court did not err in sustaining the affidavit of illegality.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*