## CITY OF BAINBRIDGE *v.* REYNOLDS.

A court of equity will not by injunction prevent the institution of a prosecution for the violation of a penal municipal ordinance; nor will it, upon petition for an injunction of this nature, inquire into the validity of such an ordinance, upon constitutional or other grounds.

Argued July 25, — Decided August 9, 1900.

Injunction. Before Judge Spence. Decatur superior court. June 19, 1900.

*Hawes & Hawes*, for plaintiff in error.
*A. H. Russell* and *M. E. O'Neal*, contra.

FISH, J. The plaintiff, alleging that he was a resident of the City of Bainbridge and the agent in that city of a non-resident steam laundry, applied for an injunction to prevent the municipal corporation, its officers and agents, from enforcing or attempting to enforce a city ordinance, which required the "agent or agents or representatives of each non-resident steam laundry" to pay a special license of $100. He alleged , that the ordinance was "unconstitutional, null and void"; that it was violative of both the constitution of this State and the constitution of the United States; that the city had no authority, under its charter, to enact the same; that it was unreasonable, etc. The case was heard in the court below simply upon .the pleadings, and the court granted a permanent injunction, as prayed for; whereupon the defendant excepted. It appears from the record that the ordinance in question imposes upon the agent or agents or representatives of each non-resident steam laundry a special license of $100, and then, in respect to its enforcement, simply provides "that any violation of this ordinance shall be punished as prescribed in section 260 of the City Code." While it may be. inferred, from the passage of the ordinance and the admissions contained in the answer of the defendant as to the purpose for which it was enacted, that the municipal corporation does intend to attempt to enforce this ordinance against the plaintiff, how it will attempt to enforce it, or in what way it can enforce it, does not appear, either from the petition of the plaintiff, the answer of the defendant, or from anything else in the record, except as may be inferred from the ordinance itself. As the ordinance, in respect to the means provided for its enforcement, appears to be purely penal in character, we must presume, from the record, that the plaintiff was seeking, by injunction, to prevent the institution against himself of a prosecution under its penal provisions. The case, therefore, as it is presented to us, is controlled by the decision in *Paulk* v. *Sycamore*, 104 *Ga.* 24, and the previous decisions

of this court therein cited.   In that case it was held, that "Courts of equity will not by injunction prevent the institution of prosecutions for criminal offenses, whether the same be violations of State statutes or municipal ordinances; nor will they, upon petition for an injunction of this nature, inquire into the constitutionality of a legislative act, or the validity or reasonableness of an ordinance making penal the act or acts for the doing of which prosecutions are threatened."   Accordingly, as the ordinance involved in the present case is, with reference to the means provided for its enforcement, purely penal in its nature, the court below had no power, upon an application for an injunction against its enforcement, to inquire into its validity, either upon constitutional or other grounds, and to enjoin the city from attempting to enforce it.   If the ordinance is invalid, by reason of its unconstitutionality, or for other cause, such invalidity would be a complete defense to any prosecution that might be instituted for its violation.

*Judgment reversed.    All the Justices concurring.*