## SALTER *et al. v.* CITY OF COLUMBUS.

Courts of equity will not enjoin or prevent the institution of prosecutions for violations of penal municipal ordinances, nor inquire into the validity or reasonableness of ordinances' making criminal the acts for the doing of which prosecutions are threatened.

Argued February 27,—Decided March 23, 1906.

Equitable petition. Before Judge Little. Muscogee superior court. July 11, 1905.

Cited by counsel: Civil Code, §§ 3076, 3941, 4913, 4914, 4929; *Ga. R.* 53/675; 61/386; 68/64; 71/107, 126; 74/365; 105/732; 108/123; 109/370; 117/440 (3); 118/486 (7); 158 U. S. 593; 16 Am. & Eng. Enc. L. (2d ed.) 363 et seq.

*Henry C. Cameron, S. B. Hatcher,* and *S. T. Pinkston,* for plaintiffs. *T. T. Miller,* for defendant.

BECK, J. The Cook Brewing Company, a non-resident corporation, and Salter, its agent, filed an equitable petition in the superior court, asking that the defendant be enjoined from arresting Salter and the drivers of certain of the brewing company's delivery wagons because of the non-payment of a municipal license tax assessed against Salter as a dealer in malt liquors within the corporate limits of the City of Columbus. It appears, from the petition, that the plaintiffs have a place of business in the State of Alabama, just across the Chattahoochee River from Columbus, and that they sell quite a quantity of beer to citizens of the City of Columbus, and deliver the beverage to such purchasers in the brewing company's own delivery wagons, "direct to the purchasers . . in the original packages, and only as purchased and when purchased, never retailed or peddled from the wagon." Upon his failure to pay the tax assessed against him as a liquor dealer, Salter was arrested and fined by the mayor of the defendant municipality. He is dissatisfied with the decision of the mayor, however, and is now seeking to review and reverse the same in the superior court by means of a writ of certiorari. It is also alleged in the petition that the mayor and police officers of the defendant city still threaten to arrest Salter and the drivers of the delivery wagons whenever they attempt to deliver their commodity to persons within the City of Columbus without paying the above-mentioned tax, and petitioners pray that the said officers and officials be enjoined from so doing, or in anywise interfering with petitioners' business; and for such other

and further relief as they may be entitled to. The defendant demurred upon the usual ground, that no cause of action was alleged, and upon other grounds. The demurrer was sustained, the petition dismissed, and the petitioners excepted.

This case falls squarely within the rule laid down in *Paulk* v. *Sycamore,* 104 *Ga.* 24, which was followed in *Bainbridge* v. *Reynolds,* 111 *Ga.* 758. In the former case Mr. Justice Fish, now Chief Justice, in a well-considered opinion, supported by reason and authority, reached the conclusion that courts of equity will not enjoin or prevent the institution of prosecutions for violations of penal municipal ordinances, nor inquire into the validity or reasonableness of ordinances making criminal the acts for the doing of which prosecutions are threatened. Hence, the ordinance here being purely penal in its character, with reference to the means provided for its enforcement, the court below could not have rightfully inquired into its fairness or validity, or determined whether or not the petitioners, whose place of business was without the State, have laid themselves liable to be taxed by the City of Columbus by selling and delivering their goods within its corporate bounds. Moreover, it is said in the petition that one of the plaintiffs is already seeking to test the validity of a fine imposed upon him under authority of this ordinance, in the superior court by a writ of certiorari directed against the tribunal which imposed it; and when that proceeding comes on to be heard, he may then, appropriately and in good season, attack the ordinance upon any ground he desires. A court of equity, however, is not his proper vehicle for relief, if he is entitled to any.

*Judgment affirmed. All the Justices concur.*