## SOUTHERN EXPRESS COMPANY v. TOWN OF TY TY.

BECK, J. 1. A municipal tax on an occupation must be reasonable with reference to such vocation. In a petition to enjoin the collection of a municipal tax laid on a business solely for revenue (which appears to be the character of the ordinance under attack in the present case), good cause for the grant of injunctive relief was shown where it was made to appear at the interlocutory hearing that the gross revenue, after paying the railroad company for its services as carrier, derived by the plaintiff, the Southern Express Company, from its office and business within the jurisdiction of the municipality imposing the tax, was only $320.82, and that the tax imposed, $50, was about 16 per cent. of such revenue, and that the municipal authorities were threatening and intending to enforce the tax ordinance in such manner as to interfere with and render the orderly conduct of its business impossible.

2. There being no charge of collusion between the express company and the railroad company, and it being an uncontroverted fact that, with the exception of the item of expense for carrier service, the revenue of the express company from its intrastate business was represented by the figures stated above, no issue of fact was presented in the record for determination; and this court decides as matter of law that the ordinance was unreasonable and oppressive, and that the court erred in refusing to enjoin the enforcement of the same. *Gould* v. *Atlanta*, 55 *Ga.* 678, 684; *Peginis* v. *Atlanta*, 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716); *Georgia Railway &c. Co.* v. *Oakland City*, 129 *Ga.* 576 (59 S. E. 296); 5 Pomeroy's Equity Jur. § 354.

(a) The increase by the express company of its charges for the transportation and handling of certain articles, it not appearing that the charges made by the company for such services were unreasonable or illegal, could not have the effect of justifying the increase of the annual tax on the business from $15 to $50; especially in the absence of proof that even under the increased rates the revenue at the office of the express company in question here had been increased to an amount greater than that stated above.

3. While the, plaintiff in error is entitled to a reversal of the judgment of the court below, denying the injunctive relief against the future enforcement of the ordinance, it is not entitled in this equitable proceeding to have set aside a judgment by the municipal court convicting its agent under an ordinance providing for fine or imprisonment, although the fine was imposed for failure to pay the tax under the ordinance which we have held to be void as being unreasonable. A court of equity will not set aside the sentence imposed as the result of a trial already had, where the person, as in this case, was adjudged guilty of an offense against a penal ordinance of the municipality. If the ordinance for the violation of which the penalty was imposed is void, other appropriate remedies for preventing the enforcement of the penalty are open to the defendant in the criminal case.

*Judgment reversed. All the Justices concur, except*

FISH, C. J., dissenting. In my opinion, there is nothing in this case that makes it an exception to the general rule, which has been so frequently

applied by this court, that a court of equity has no jurisdiction to enjoin a criminal prosecution; which rule is applicable to proceedings to punish violations of municipal ordinances which are quasi criminal in their nature. *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128), and cases cited; *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381), and cases cited.

FEBRUARY 26, 1914.

Petition for injunction. Before Judge Thomas. Tift superior court. May 7, 1913.

*Robert C. & Philip H. Alston* and *Fulwood & Skeen,* for plaintiff. *C. C. Hall* and *R. Eve,* for defendant.