## BALDWIN v. CITY OF ATLANTA et al.

HILL, J. 1. Although the general rule is that a court of equity will not enjoin prosecutions for criminal offenses, and this rule applies both to violations of the criminal laws of the State and to quasi-criminal proceedings under municipal ordinances, yet there are cases in which equity will enjoin such prosecutions. *Paulk* v. *Sycamore*, 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Georgia Ry. & El. Co.* v. *Oakland City*; 129 *Ga.* 576 (59 S. E. 296); *White* v. *Tifton*, 129 *Ga.* 582 (59 S. E. 299); *Rowland* v. *Commissioners*, 133 *Ga.* 190 (65 S. E. 404); *Mayor &c. of Jonesboro* v. *Central Ry. Co.*, 134 *Ga.* 190 (67 S. E. 716); *Mayor &c. of Shellman* v. *Saxon*, 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Starnes* v. *Atlanta*, 139 *Ga.* 531 (77 S. E. 381); In re Sawyer, 124 U. S. 200, 211 (8 Sup. Ct. 482, 31 L. ed. 402).

2. Under the petition as amended, which alleges in substance that the prosecution of the plaintiff by the municipality, and the threatened continued prosecutions until she desisted from her efforts to pursue her employment as soliciting agent, has destroyed her right to take orders for goods, and that she has no remedy unless the defendants are restrained, this case falls within the exception to the general rule; and the court erred in sustaining the demurrer to the petition as amended. *Gould* v. *Atlanta*, 55 *Ga.* 678; 5 Pom. Eq. Jur. 635, § 554; *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106 (5); *Southern Express Co.* v. *Ty Ty*, 141 *Ga.* 421 (81 S. E. 114); *Peginis* v. *Atlanta*, 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716).

*Judgment reversed. All the Justices concur.*
MAY 17, 1917.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 22, 1916.

Miss M. W. Baldwin filed her petition against the City of Atlanta, W. M. Mayo, chief of police, and Charles L. Woodall, license inspector of Atlanta, and alleged substantially as follows: She is an employee of the Gus Mayer Company, of New Orleans, La., a corporation. She came to Atlanta with a line of samples of women's goods owned by her employers, and engaged rooms in a hotel in Atlanta for the purpose of taking orders from such persons as might desire to purchase goods from her employers at New Orleans by means of any of the samples. She did not own any of the samples or the goods to be ordered, and was not engaged in selling any goods or making delivery of any, but was merely taking orders by samples to be submitted to her employers, the goods thereafter to be shipped out by her employers directly to the purchasers in cases where the orders were approved. She was engaged in interstate commerce, and was not amenable to any license laws of the State

of Georgia or of the City of Atlanta. She at no time delivered any goods to any purchasers, nor received any money from them for goods, and owned no interest in the goods ordered by sample. On March 4, 1916, the license inspector for the City of Atlanta made a case against her in the recorder's court, for a claimed violation of section 18 of the tax ordinance of the city, which provides that all persons engaged in selling goods, wares, or merchandise, other than registered merchants of the city in that particular line of goods offered, shall be required to take out a license and pay the sum of $300, and "this tax ordinance covers such persons as either stop at hotels or rent rooms at other places to display their goods and sell the same by sample, or take orders for shirts, clothing, or other articles of like character," etc. It was claimed that petitioner was also violating section 24 of the tax ordinance, which provides that any person, firm, or corporation advertising by signs, cards, circulars, newspaper advertising, or otherwise, shall be held liable for the license required for such business. She was not doing business in violation of any valid city ordinance, and was not subject to the tax provided in said ordinance. She was renting space at a hotel and was displaying samples and taking orders. She was arrested, tried, and convicted in the recorder's court and sentenced to pay a fine of $25.75 by the recorder, for failure to provide herself with the license required by the city ordinance. The fine was imposed without law or authority of law; the judgment was without evidence to support it, and was contrary to law, and her conviction was illegal and unconstitutional. She can not continue her lawful business and employment without numerous and repeated arrests, convictions, and fines, in violation of her rights in interstate commerce, as well as the constitution of the United States, which guarantees due process of law, equal protection of the laws, the right of Congress to regulate interstate commerce, etc. She prays for temporary and permanent injunction. By amendment she alleged that the license inspector had threatened her with arrests and fines in the recorder's court unless she procured a license as provided by the city ordinance, and but for the restraining order of the court she would have been subjected to numerous arrests. The conviction in the recorder's court had been followed by a petition for certiorari to the superior court, which remanded the case

to the recorder's court for a new trial, with direction that if on the next trial the evidence should be the same as on the first trial the petitioner should be discharged. The remedy by certiorari is not adequate; injunction is the only proper and complete remedy.

A demurrer to the petition was sustained, and the plaintiff excepted.

*Rosser, Slaton, Phillips & Hopkins,* for plaintiff.

*J. L. Mayson* and *S. D. Hewlett,* for defendants.