## HUGHES *v.* STATE BOARD OF MEDICAL EXAMINERS *et al.*
### (Two cases.)

HINES, J. 1. A court of equity will not enjoin the State Board of Medical Examiners from hearing a proceeding brought under section 14 of the act of August 20, 1918 (Acts 1918, p. 173), for the revocation of the license of a physician upon charges that he had been convicted of a crime involving moral turpitude and had caused the publication and circulation of an advertisement relative to diseases of the sexual organs,

the grounds on which such injunction was sought being, (a) that said section of said act was unconstitutional and void for certain designated reasons; (b) that the provision making "conviction of crime involving moral turpitude," and the provision making "the publication and circulation of an advertisement relative to any disease of the sexual organs," are so vague, uncertain, and indefinite as to render them void; (c) that he had been granted a full pardon for the crime for which the revocation of his license was sought; and (d) that the defendants, unless restrained, would revoke his license and thus deprive him of the right to practice his profession, which was a valuable property right;—as the plaintiff has adequate and complete remedies at law by which, in the first instance, he can set up the alleged matters of defense before said board, and, in the second instance, by an appeal from any judgment of said board, if adverse to him, to the superior court of the county of his residence, where all such matters of defense can be set up and determined.

(a) Such a proceeding is quasi-criminal in character; and the general rule is that a court of equity will not enjoin prosecutions for criminal offenses or quasi-criminal proceedings. *Gault* v. *Wallis,* 53 *Ga.* 675; *Phillips* v. *Stone Mountain,* 61 *Ga.* 386; *Garrison* v. *Atlanta,* 68 *Ga.* 64; *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Mayor &c. of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *Georgia Ry. &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296); *Rowland* v. *Commissioners,* 133 *Ga.* 190 (65 S. E. 404); *Steinberg* v. *Savannah,* 149 *Ga.* 69 (99 S. E. 36).

(b) This case does not fall within the exception to the above general rule, that a court of equity will enjoin an unfounded prosecution for an alleged crime and the threatened continued prosecutions therefor until the person prosecuted desist from his efforts to pursue his occupation or profession, where the effect of such prosecution will injure or destroy the property of the person so prosecuted or deprive him of the legitimate enjoyment of his property or prevent him from pursuing his occupation or profession. *Gould* v. *Atlanta,* 55 *Ga.* 678; *City of Atlanta* v. *Gate City &c. Co.,* 71 *Ga.* 106; *Southern Express Co.* v. *Ty Ty,* 141 *Ga.* 421 81 S. E. 114); *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630). In such a case equity ignores the criminal feature, and exercises its jurisdiction solely with reference to the effect of the act on the property or business. *Georgia Railroad &c. Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256); *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220 (56 S. E. 241).

2. For the above reasons the court did not err in refusing to grant an injunction in these cases.

*Judgment affirmed.* *All the Justices concur, except Atkinson, J., disqualified.*

*Norman I. Miller,* for plaintiff. *J. Z. Foster,* for defendants.