## CITY COUNCIL OF AUGUSTA *v.* CONGDON.

No. 7812.   DECEMBER 11, 1930.

J. Paul Stephens, for plaintiff in error.

William P. Congdon, contra.

HINES, J. 1. The facts pertinent to the opinion we render in this case appear in the statement preceding.

2. "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Civil Code (1910), § 5491; Pope v. Savannah, 74 Ga. 365.

3. Courts of equity will not by injunction prevent the institution of prosecutions for criminal offenses, whether the same be violations of State statutes or municipal ordinances; nor will they, upon a petition for an injunction of this nature, inquire into the validity or reasonableness of an ordinance making penal the act or acts for the doing of which prosecutions are threatened. Paulk v. Sycamore, 104 Ga. 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); City of Bainbridge v. Reynolds, 111 Ga. 758 (36 S. E. 935); Salter v. Columbus, 125 Ga. 96 (54 S. E. 74); Hughes v. State Board of Medical Examiners, 158 Ga. 602 (1 a) (123 S. E. 879). Especially will equity follow this rule when the ordinance sought to be enjoined provides no penalty for the operation of a motor-vehicle without a permit from the city.

4. The case does not fall within the exception to the above general rule that a court of equity will enjoin an unfounded prosecution for an alleged crime, and the threatened prosecution therefor, unless the person desists from doing the acts complained of, where the effect of such prosecution will injure or destroy the property of the person so prosecuted, or deprive him of the legitimate enjoyment of his property or property rights, or prevent him from pursuing his occupation or profession. Gould v. Atlanta, 55 Ga. 678; City of Atlanta v. Gate City &c. Co., 71 Ga. 106; Southern Express Co. v. Ty Ty, 141 Ga. 421 (81 S. E. 114); Baldwin v.

*Atlanta,* 147 *Ga.* 28 (92 S. E. 630) ; *Hughes* v. *State Board,* supra.

5.   So we are of the opinion that the learned trial judge erred in refusing to sustain the ground of the motion to dismiss, which set up that the petition did not make a case for equitable interference with the enforcement of the ordinance attacked.

*Judgment reversed.   All the Justices concur.*