### WOFFORD OIL CO. *v.* CITY OF DAHLONEGA *et al.*

ATKINSON, J. It is declared: "The municipal government of the City of Dahlonega shall consist of a mayor and six aldermen, who are hereby constituted a body corporate, . . with power to make such ordinances, resolutions, and by-laws for municipal purposes, as may be deemed proper. . . The city council shall have the power to levy and collect taxes . . to provide for the levying and collection of a business or occupation tax upon any trade, business, profession, or occupation, except such as are exempt by law. . . This tax shall be in the nature of a license; . . and the mayor or aldermen shall provide by ordinance for the punishment of all persons required by ordinances to pay such occupation tax, or take out license for same, who engage in or attempt to engage in such business, profession, or occupation, before paying such tax or taking out such license." Ga. L. 1899, pp. 146, 157. A municipal ordinance adopted on January 4, 1932, declared: "Be it ordained by the Mayor and Council of the City of Dahlonega, and it is hereby ordained by authority of the same, that the following special tax or license for the conduct of the business listed below be and the same are hereby assessed for the year 1932 as follows: gas, kerosene, oil by trucks or otherwise, $15.00. Be it further enacted or ordained, that whoever shall engage in, by selling or offering to sell or conducting any business on which a license is hereby imposed, without first having paid to the city clerk the amount of special tax hereby imposed, shall be guilty of a violation of this ordinance, and upon conviction in the mayor's court shall be punished as provided in section 159 of the City Code." *Held:*

1. The charter provision quoted above is sufficient to confer power upon the municipality to adopt the foregoing ordinance.
2. The ordinance is a tax on the business of selling or offering to sell within the municipality gas, kerosene, and oil by trucks or otherwise; and it is not void, as contended, on the ground that it is too vague and indefinite to be capable of enforcement.
3. The evidence was sufficient to authorize the finding that the company conducted business within the city by making sales and deliveries of gas, kerosene, and oil transported in trucks; and that the tax was not imposed upon mere delivery of the goods within the city, contended to be

a fragment of the general business of the oil company. The case differs on its facts from cases where the tax was imposed upon mere deliveries of goods.

4. Under the pleadings and evidence the judge did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*

No. 9473. FEBRUARY 14, 1934.

*O. C. Hancock* and *B. Frank Whelchel,* for plaintiff.

*Wheeler & Kenyon,* for defendant.

GILBERT, J., concurring specially. I concur in the judgment rendered by the majority, but on a different ground. The undisputed facts show that no interference has actually been had with the property of the petitioner. It is alleged that an agent of the petitioner has been arrested by the City of Dahlonega. The Civil Code (1910), § 5491 provides: "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." The facts show that this case falls within the general rule. Mere multiplicity of prosecutions alone will not require injunction against criminal prosecutions. *Georgia Railway &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296). Neither a threat of arrest nor threats of repeated arrests will take the case out of the general rule forbidding the intereference of equity in criminal prosecutions. *Pope* v. *Savannah,* 74 *Ga.* 365; *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *National Linen Service Corporation* v. *Milledgeville,* 177 *Ga.* 826 (171 S. E. 568), and cit. "In cases where courts of equity have granted injunctions against prosecutions under municipal ordinances, it will usually be found that this was ancillary to the exercise of some acknowledged equity jurisdiction for the protection of property or property rights against irreparable damage, resting upon grounds other than the mere harassment arising from prosecutions, though repeated." *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452).