CITY OF DOUGLAS *v.* SOUTH GEORGIA GROCERY CO. *et al.*

GILBERT, J. 1. "The general rule is that courts exercising equitable jurisdiction will not enjoin criminal prosecutions; and this rule is ordinarily applicable to proceedings to punish for violations of municipal ordinances, which are quasi criminal in their character. In some cases, involving special facts, injunction may be granted against the unlawful enforcement of municipal ordinances, although they are penal in character, for the protection of property or property rights or franchises against irreparable injury; as, for instance, where, under the guise of enforcing a penal ordinance, it is manifest that prosecutions and arrests are threatened for the sole purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State." *Mayor & Council of Shellman* v. *Saxon,* 134 *Ga.* 29 (2) (67 S. E. 438, 27 L. R. A. (N. S.) 452). Under the pleadings and the evidence in the present case, it is manifest that the threatened prosecutions and threatened issuance of executions are not for the sole purpose of unlawfully taking or destroying property or the business of the plaintiffs.

2. "In cases where courts of equity have granted injunctions against prosecutions under municipal ordinances, it will usually be found that this was ancillary to the exercise of some acknowledged equity jurisdiction for the protection of property or property rights against irreparable damage, resting upon grounds other than the mere harassment arising from prosecutions, though repeated." *Mayor &c.* v. *Saxon,* supra.

3. Mere multiplicity of prosecutions alone, without other grounds for equitable interference for protection of property, will not require injunction against criminal prosecutions. Otherwise every person prosecuted for conducting a business illegally could protect himself with an injunction so as to continue to violate the law while the single case in equity was being appealed from court to court. *Georgia Railway &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296).

4. Neither a threat of arrest nor threats of repeated arrests will take the case out of the general rule forbidding the interference of equity in criminal prosecutions. *Pope* v. *Savannah,* 74 *Ga.* 365; *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128). *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *Georgia Ry. &c. Co.* v. *Oakland City,* supra.

5. Where a court of equity, under the well-recognized principles stated above, has not jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the constitutionality of a legislative act or the validity or reasonableness of a municipal ordinance making penal the act or acts for which the prosecutions are threatened. *Paulk* v. *Sycamore,* supra; *City of Bainbridge* v. *Reynolds,* supra; *Jones* v. *Carlton,* 146 *Ga.* 1 (90 S. E. 278); *Volunteers of America* v. *Atlanta,* 152 *Ga.* 461 (110 S. E. 282). "An individual act causing irreparable damage is one thing; the prosecution of a person charged with an offense, in the courts provided for the trial of such proceeding, is a different thing." *Georgia Ry. &c. Co.* v. *Oakland City,* supra.

6. Under the pleadings and the evidence in this case no irreparable injury

was shown. It is merely a case where the municipality was undertaking in the usual way to collect a license tax laid upon a certain class of business by a municipal ordinance. No property has been levied on. The petition merely alleges "threatened" issuance of execution and threats of repeated arrests. The case falls within the general rule. *National Linen Service Corporation* v. *Milledgeville*, 177 *Ga.* 826 (171 S. E. 568) ; *Howard* v. *Briarcliff Zoological Corporation*, 178 *Ga.* 595.

7. It follows from the foregoing rulings that the court erred in granting an interlocutory injunction.

*Judgment reversed. All the Justices concur, except Russell, C. J., disqaulified.*

No. 9823.   MARCH 13, 1934.

*D. C. Sapp* and *H. C. Barnes,* for plaintiff in error.
*Harrell & Lilly* and *Quincey & Quincey,* contra.