CORLEY *v.* CITY OF ATLANTA *et al.*

No. 10873. OCTOBER 22, 1935.

*James R. Venable* and *Robert McGinley,* for plaintiffs.
*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

BELL, Justice. W. C. Corley brought a suit for injunction against the City of Atlanta and Dewey L. Johnson, superintendent of electrical affairs, to restrain the defendants from enforcing an ordinance to regulate the supervision of electrical energy and the installation of electrical construction and appliances, as adopted by the city council. The petition alleged that certain provisions of the ordinance requiring examination and fixing other conditions were invalid, for constitutional reasons. The plaintiff is a graduate electrical engineer, and has had more than twenty years experience in the electrical business and work, having served as electrician for a number of years for leading firms operating in the City of Atlanta. The ordinance contained stated penal provisions, and the petition alleges that its enforcement against the plaintiff

will deprive him of his right to carry on his profession and to engaged in the electrical contracting business. For the purpose of invoking equity jurisdiction, the following additional allegations are made: "Your petitioner shows that he performed a small electrical job at 901 Marietta Street, N. W., for the Atlantic & Pacific Tea Company on the 21st day of September, 1934, and that the defendant Dewey L. Johnson and his agents and employees have threatened to arrest your petitioner under penal section 20 of said ordinance. Said Johnson and his agents and employees will arrest and prosecute your petitioner under the penal provisions of said ordinance for each and every act of your petitioner in performing the work of an electrical contractor in the borough of Atlanta, and will keep your petitioner under close surveillance for the purpose of detecting each and every act of your petitioner and institute repeated prosecutions under the provisions of said ordinance. . . Your petitioner shows that the said Dewey L. Johnson, his agents and assistants, is without any lawful warrant or authority to arrest or interfere with your petitioner in the dealings with his said business, and that the said Dewey L. Johnson, his agents and assistants, are without any authority to refuse to fairly inspect the work which may be done by the petitioner, or to omit to do any act of inspection for your petitioner that is required of him in the case of licensed electrical contractors in said city. . . That the said Dewey L. Johnson, unless restrained and enjoined from doing so, will refuse to inspect the contracting jobs done by your petitioner in said city, upon the ground that your petitioner does not hold a contractor's license for the reason that your petitioner has not in his employ a licensed contractor as provided for in said ordinance. . . Your petitioner alleges that unless the defendants are restrained and enjoined from doing so, the defendant, Dewey L. Johnson as superintendent of electrical affairs of said city, his agents, assistants, and employees will procure repeated arrests of your petitioner and his agents and employees, and will interfere with him in the performance of his lawful duties, will refuse to inspect or approve the work done by your petitioner or petitioner's agents and employees, and will frighten your petitioner's clientele, and destroy the good will of your petitioner's said business; and that unless the City of Atlanta is restrained and enjoined from doing so, it will attempt to enforce against your peti-

tioner the penal and other provisions of said illegal ordinances, all of which acts of defendants will completely and effectually destroy your petitioner's business, and make it impossible for him to engage therein. . . Petitioner shows to the court that he is absolutely without a remedy at law; and that unless a court of equity intervenes in his behalf, he will be deprived of doing business in the City of Atlanta as an electrical contractor through the efforts of the defendants; and that the defendants will illegally destroy your petitioner's business, and will make repeated prosecutions against your petitioner, his agents and employees, under the penal provisions of said act; and in order to avoid a multiplicity of suits and a circuity of actions at law, wherefore petitioner prays," etc. The court refused an interlocutory injunction and dismissed the petition on general demurrer, and the plaintiff excepted.

The case as made by the petition falls within the general rule that injunctions will not issue to restrain criminal prosecutions. Code of 1933, § 55-102. In this view, which relates to jurisdiction, it would be a digression to discuss the constitutional questions. In support of this conclusion, see *Phillips* v. *Stone Mountain*, 61 *Ga.* 387; *Mayor &c. of Moultrie* v. *Patterson*, 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds*, 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus*, 125 *Ga.* 96 (54 S. E. 74); *Mayor &c. of Shellman* v. *Saxon*, 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.*, 134 *Ga.* 190 (67 S. E. 716). The present case can not, in the nature of the facts, be distinguished from any of the cases just cited. The decision in each of such cases was concurred in by all the Justices, and there is no earlier decision which, if properly considered, may be taken as authority to the contrary. These decisions are therefore controlling; and they are none the less so even if some *later* decisions to the contrary may have been rendered, and even though such later decisions may have had the concurrence of all the Justices. Code of 1933, § 6-1611; *Calhoun* v. *Cawley*, 104 *Ga.* 335 (30 S. E. 773). Other unanimous decisions to the same effect are: *Jones* v. *Carlton*, 146 *Ga.* 1 (90 S. E. 278); *Volunteers of America* v. *Atlanta*, 152 *Ga.* 461 (110 S. E. 282); *City of Marietta* v. *Brantley*, 170 *Ga.* 258 (152 S. E. 232); *Candler* v. *Atlanta*, 178 *Ga.* 661 (174 S. E. 129); *Hartwell* v. *Old South Lines*, 179 *Ga.* 820 (177 S. E. 340). The same conclusion was

reached in the following decisions, which did not have the concurrence of all the Justices: *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128) ; *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296) ; *Steinberg* v. *Savannah,* 149 *Ga.* 69 (99 S. E. 36) ; *Campbell* v. *Jefferson,* 149 *Ga.* 70 (99 S. E. 124) ; *Burton* v. *Toccoa,* 158 *Ga.* 63 (122 S. E. 603) ; *Hughes* v. *State Board,* 158 *Ga.* 602 (123 S. E. 879) ; *City of Douglas* v. *South Georgia· Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127). In the following cases, whether contrary to the above or distinguishable, it was held that the petitions were not without equity : *City of Macon* v. *Samples,* 167 *Ga.* 150 (145 S. E. 57) ; *City of Albany* v. *Newark Shoe Co.,* 152 *Ga.* 557 (110 S. E. 283) ; *Gregory* v. *Quarles,* 172 *Ga.* 45 (157 S. E. 306) ; *Dasher* v. *Valdosta,* 172 *Ga.* 539 (158 S. E. 34) ; *City of Newnan* v. *Atlanta Laundries,* 174 *Ga.* 99 (162 S. E. 497, 87 A. L. R. 507) ; *Southeastern Electric Co.* v. *·Atlanta,* 179 *Ga.* 514 (176 S. E. 400) ; *Gray* v. *Atlanta,* 180 *Ga.* 409, 461 (179 S. E. 357, 358) ; *Dewell* v. *Quarles,* 180 *Ga.* 864 (181 S. E. 159)—all decided by a divided court; *City of Brunswick* v. *Shader,* 181 *Ga.* 74 (181 S. E. 670), where the Justices were evenly divided; *Chevrolet Motor Co.* v. *Atlanta,* 155 *Ga.* 43 (116 S. E. 287), in which all the Justices concurred.

The present case clearly differs on its facts from *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 107; *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280) ; *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716) ; *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630) ; *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854) ; *Carey* v. *Atlanta,* 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151) ; *Town of Lilburn* v. *Alford,* 163 *Ga.* 282 (136 S. E. 65). It is unnecessary to repeat what has been said in prior decisions on the question presented. Thorough discussions may be found in *Georgia Railway Co.* v. *Oakland City, Mayor &c. of Shellman* v. *Saxon,* and *Paulk* v. *Sycamore, Douglas* v. *South Georgia Grocery Co.,* and *Brown* v. *Thomasville,* all cited above. There is a distinction, of course, between cases involving mere arrest and criminal prosecution, *with incidental delay and inconvenience,* and cases where property or a property right is directly affected. *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 107;

*Georgia Railway &c. Co.* v. *Oakland City,* supra; *Jones .v. Van Winkle Gin &c. Works,* 131 *Ga.* 336 (2) (62 S. E. 236, 17 L. R. A. (N. S.) 848, 127 Am. St. R. 235). In the latter class, equity ignores the criminal feature, and exercises its jurisdiction because of the effect of the act on the property or business. *Hughes* v. *State Board,* 158 *Ga.* 602 (supra). So far as the instant petition may attempt to show interference *otherwise than by criminal prosecution,* it alleges nothing more than apprehension, and is also too indefinite. *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489); *Bowden* v. *Georgia Public-Service Com.,* 170 *Ga.* 505 (153 S. E. 42); *Georgia Public-Service Com.* v. *Parcel Delivery Co.,* 177 *Ga.* 601 (170 S. E. 800); *Southern Oil Stores Inc.* v. *Atlanta,* 177 *Ga.* 602 (170 S. E. 801); *Sparks* v. *Georgia Public-Service Com.,* 178 *Ga.* 51 (172 S. E. 15); *Howard* v. *Briarcliff Zoological Cor.,* 178 *Ga.* 595 (173 S. E. 391). There may be some cases in which the principles herein referred to were inadvertently overlooked, or were ignored because not invoked, and in which the results might have been different under other circumstances. Such are mere physical precedents, however, and are of little value except on the questions actually considered.

The plaintiff in the case at bar seems to apprehend a failure on the part of the defendant superintendent to perform some official duty resting upon him. As to that, mandamus and not injunction would be the remedy. This was not a suit to enjoin enforcement of a municipal execution, and is distinguished from cases like *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534), and *Wilson* v. *Eatonton,* 180 *Ga.* 598 (180 S. E. 227). The court did not err in refusing an interlocutory injunction and dismissing the petition.

It is true, there seems to be some confusion in the decisions on the main question here presented; but, as indicated above, the unanimous and controlling decisions compel an affirmance of the judgment in this case. An endeavor has been made to collect and group the cases for the convenience of any who may have occasion to consider the question.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness, and Atkinson, J., who dissents.*