HODGES *et al. v.* STATE REVENUE COMMISSION *et al.*

No. 11539.  FEBRUARY 12, 1937.

*Barrett & Nall,* for plaintiffs.

*M. J. Yeomans, attorney-general,* and *B. D. Murphy,* contra.

RUSSELL, Chief Justice. The plaintiffs sought to enjoin the State Revenue Commission and its members from prosecuting them for violations of section 15B of the act of March 23, 1935, known as the malt-beverage act (Ga. L. 1935, p. 73), which prohibits

the sale of "alcoholic beverages of any kind" within 100 yards of a school ground or college campus. The plaintiffs contend that section 15B of said act is unconstitutional. They allege that they are licensed retail dealers in malt beverages, doing business in Atlanta, and licensed as such by the State Revenue Commission' and by the City of Atlanta; that they sell beer under the licenses so granted to them, and their respective establishments are each within 100 yards of a school ground or college campus; that the defendants are prosecuting them, and have threatened to continue so to do, insisting that the sale by them of each bottle of beer constitutes a separate and distinct criminal offense and violation of the law; that plaintiffs have a property right in their businesses and in their right to sell beer at their places of business; that for defendants to continue such prosecutions against them will subject them to a multiplicity of criminal prosecutions, and will destroy their businesses and property rights therein; and that they have no adequate remedy at law. The defendants demurred to the petition, and to an order sustaining the demurrer and dismissing their petition they excepted.

1. The general rule is that courts of equity have no jurisdiction to prevent by injunction the institution of bona fide criminal prosecutions. *Paulk* v. *Sycamore*, 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Starnes* v. *Atlanta*, 139 *Ga.* 531 (77 S. E. 381); *City Council of Augusta* v. *Congdon*, 171 *Ga.* 572 (156 S. E. 212); *Douglas* v. *South Georgia Grocery Co.*, 178 *Ga.* 657 (174 S. E. 127). "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. This general rule is based upon the principle that equity is intended to supplement, and not usurp, the functions of courts of law, and that to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses would constitute an invasion of the courts of law; and on the fact that the party has an adequate remedy at law (Code, § 37-120) by establishing as a defense to the prosecution that he did not commit the act charged, or that the statute on which the prosecution is based is invalid, and, in case of conviction, by taking an appeal. *Fitts* v. *McGhee*, 172 U. S. 516

**834**

(19 Sup. 269, 43 L. ed. 535) ; *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935).

2. The facts alleged in the petition in this case do not bring the same within any exception to the general rule. See *Town of Dexter* v. *Western Union Telegraph Co.,* 150 *Ga.* 294 (103 S. E. 430) ; *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220 (56 S. E. 241) ; *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145) ; *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280) ; *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854) ; *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47). Under the facts alleged, this case is controlled by the decision in *Chivilis* v. *West,* 182 *Ga.* 379 (185 S. E. 385), holding, under a similar state of facts, that equity will not enjoin a prosecution for violation of section 15B of the malt-beverage act of 1935. The court did not err in denying an injunction.

*Judgment affirmed. All the Justices concur.*