HORNSBY, police chief, *et al.* v. BRISTOW.

No. 11992. JANUARY 15, 1938. REHEARING DENIED MARCH 17, 1938.

580

J. C. Savage, C. S. Winn, Bond Almand, and J. C. Murphy, for plaintiffs in error.

H. A. Allen, contra.

Per Curiam. 1. This case falls within the general rule that an injunction will not issue to restrain a criminal prosecution. The court erred in overruling the general demurrer to the petition, and in granting the interlocutory injunction. *Phillips* v. *Stone Mountain,* 61 *Ga.* 387; *Mayor &c: of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600) ; *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935) ; *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74) ; *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452) ; *Mayor &c. of Jonesboro* v. *Central of Georgia*

*Ry. Co.*, 134 *Ga.* 190 (67 S. E. 716) ; *City of Marietta* v. *Brantley,* 170 *Ga.* 258 (3) (152 S. E. 232) ; *Howard* v. *Briarcliff Zoological Corporation,* 178 *Ga.* 595 (173 S. E. 391) ; *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177) ; *Chivilis* v. *West,* 182 *Ga.* 379 (185 S. E. 348) ; *Snow's Laundry* v. *Dublin,* 182 *Ga.* 316 (185 S. E. 343) ; *Smith* v. *Carlton,* 182 *Ga.* 494 (185 S. E. 777) ; *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1) ; *Hodges* v. *State Revenue Commission,* 183 *Ga.* 832 (190 S. E. 36).

2. In view of the ruling made above, no decision is made as to the validity of the ordinance the enforcement of which the plaintiff sought to have enjoined.

*Judgment reversed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. There are two controlling questions in this case. First, did a court of equity have jurisdiction to declare this ordinance void, and to enjoin its enforcement? Second, is this a valid or a void ordinance? It is declared in the Code, § 55-102 (adopted from the decision of this court in *Pope* v. *Savannah,* 74 *Ga.* 365) : "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." And yet this court can not overlook or forget the exception to this general rule, that when a law or a municipal ordinance is passed which affects property rights, and tends to destroy a right to transact business unless a certain tax be paid, the case falls within the exception to the general rule, and equity will interfere to protect the rights of a citizen to his property and his business if they be lawful. As said in *Brown* v. *Thomasville,* 156 *Ga.* 260, 267 (118 S. E. 854), "In cases where a threatened prosecution is apparently instituted and carried on for the purpose of unlawfully destroying one's property or business, or for the purpose of preventing the exercise of a business useful and lawful in and of itself, equity will enjoin a criminal prosecution;" citing *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716). As said in *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452), "In some cases, involving special facts, injunction may be granted against the unlawful enforcement of municipal ordinances, although they are penal in character, for the protection of property or property rights or franchises against irreparable injury, as, for instance, where, under the guise of enforcing a penal

ordinance, it is manifest that prosecutions and arrests are threatened for the sole purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State." In *Town of Dexter* v. *Western Union Telegraph Co.,* 150 *Ga.* 294 (103 S. E. 430), this court held: "The general rule is that equity will not enjoin the prosecution of criminal offenses; but there are cases where equity will enjoin such prosecutions. This case falls within the latter class." In *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47), this court held: "The general rule is that a court of equity will not interfere with a prosecution for violation of a penal ordinance. Where, however, as in this case, there were threats of continued prosecution to destroy the right to transact business unless the tax should be paid, the case falls within the exception to the general rule." It was held, in *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106 (5): "While a court of equity will not interfere by injunction with the prosecution of a criminal proceeding not touching the enjoyment of property, yet where it is evident that private property and civil rights are invaded by such means, equity will interfere to protect them." It was held, in *Morrow* v. *Atlanta,* 162 *Ga.* 228 (133 S. E. 345): "As a general rule, equity has no jurisdiction to enjoin a criminal or quasi-criminal prosecution; but an exception is well recognized, that where a prosecution for a violation of a municipal ordinance is threatened which will result in depriving the accused of his right to exercise a business which in and of itself is perfectly lawful, equity will interfere and afford adequate relief." It was ruled, in *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220 (56 S. E. 241): "The general rule is that equity will not interfere with the enforcement of criminal law, nor aid or obstruct the criminal courts in the exercise of their jurisdiction. But this rule does not deprive a court of equity of its power to protect private property, nor defeat its right to enjoin a continuing injury to property or business. When equity acts in such instances, it ignores the criminal features and exercises its jurisdiction solely with reference to the effect of the act on the property or business." I am of the opinion that the facts of this case bring it within the exception to the rule stated in the Code, § 55-102.

In *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630), this court held unconstitutional a municipal ordinance which declared that

all persons engaged in selling goods, wares, or merchandise, other than registered merchants of the city in that particular line of goods offered, shall be required to take out a license and pay the sum of $300, and that "this tax ordinance covers such persons as either stop at hotels or rent rooms at other places to display their goods and sell the same by sample, or take orders for shirts, clothing, or other articles of like character," etc. Mrs. Baldwin alleged that she came to Atlanta with a line of samples of women's goods· owned by her employers, which she displayed and took orders for; that she had been fined $25.75 by the recorder for failure to provide herself with the license required by said city ordinance. She prayed for an injunction restraining further prosecution or enforcement of the ordinance. The lower court dismissed the petition on demurrer, and in reversing that judgment this court held: "Although the general rule is that a court of equity will not enjoin prosecutions for criminal offenses, and this rule applies both to violations of the criminal laws of the State and to quasi-criminal proceedings under municipal ordinances, yet there are cases in which equity will enjoin such prosecutions. [Citing authorities.] . . Under the petition as amended, which alleges in substance that the prosecution of the plaintiff by the municipality, and the threatened continued prosecutions until she desisted from her efforts to pursue her employment as soliciting agent, has destroyed her right to take orders for goods, and that she has no remedy unless the defendants are restrained, this case falls within the exception to the general rule; and the court erred in sustaining the demurrer to the petition as amended. *Gould* v. *Atlanta,* 55 *Ga.* 678; 5 Pom. Eq. Jur. 635, § 554; *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106 (5); *Southern Express Co.* v. *Ty Ty,* 141 *Ga.* 421 (81 S. E. 114); *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716)." In *City of Macon* v. *Samples,* 167 *Ga.* 150 (145 S. E. 57), this court affirmed a judgment overruling a demurrer to a petition brought by a disabled veteran to enjoin criminal prosecution and the enforcement of payment of a license-tax assessed by the City of Macon on operators of taxicabs. In *Town of Lilburn* v. *Alford,* 163 *Ga.* 282 (136 S. E. 65), this court affirmed the grant of an interlocutory injunction against enforcement of the following ordinance: "Any person who shall place any obstruction in or upon the streets, alleys, or sidewalks of said

town or in or upon any part thereof, and shall fail to remove the same after due notice by the town marshal to do so, shall, upon conviction thereof, be punished as prescribed in Ordinance No. 1 of these by-laws." In the opinion it was said: "We recognize the principle embodied in section 5491 of the Civil Code, that 'A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them;' and that this section applies to quasi-criminal proceedings under municipal ordinances as well as the criminal laws of the State. *Pope* v. *Savannah,* 74 *Ga.* 365. . . But where an ordinance illegal and unreasonable in itself is being enforced by prosecution under the terms thereof, and repeated arrests and prosecutions are threatened which would in effect deprive a man of his property, or destroy or seriously impair the carrying on of his lawful business, a court of equity will interfere to protect property thus threatened or the business thus put in jeopardy."

In conclusion, I express my hearty accord with the language of Judge Lumpkin, in *Bethune* v. *Hughes,* 28 *Ga.* 560, 565 (73 Am. D. 789): "A peaceable citizen, who discharges punctually all his public duties, and respects scrupulously the rights of others, should be left free and untrammeled as the air he breathes, in the pursuit of his business and happiness. Fetters are equally galling, whether imposed by one man or by a community; and I am not ashamed to confess that the best sympathies of my heart are, and always will be, interested for one who is, or may be, incarcerated, because, in the proud consciousness of a freeman, he claims the right to offer for sale, at any hour of the day, on the highway, or in the streets, as interest or inclination may prompt him, any commodity he may possess, the traffic in which is not forbidden by the laws of the land." The ordinance attacked in this case was violative of the equal-protection and due-process clauses of the State and the Federal constitutions. It is my opinion that the court did not err in overruling the demurrers to the petition, or in granting an injunction.